**UNITED STATES of America**
v.
**Edward JAMES, Appellant.**
No. 71–1443.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 11, 1972.

Decided Nov. 13, 1972.

published in the Federal Register—a category of materials specifically available to the public under 5 U.S.C. § 552(a)(2)(B).

Mr. Werner Strupp, Washington, D. C. (appointed by this Court), for appellant.

Mr. Robert Alan Jones, Asst. U. S. Atty., with whom Messrs. Harold H. Titus, Jr., U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief for appellee.

Before FAHY, Senior Circuit Judge, and TAMM and WILKEY, Circuit Judges.

TAMM, Circuit Judge:

In 1956 appellant, Edward James, was sentenced to a term of from 15 years to life on a conviction for second degree murder, following a 37-day trial in which he and two co-defendants were tried under a first degree murder indictment. Four years later appellant filed a post-conviction motion pursuant to 28 U.S.C. § 2255 (1970), alleging that evidence unlawfully seized at the time of his arrest (or shortly thereafter) was introduced at his trial contrary to his fourth amendment rights. The motion was denied without a hearing, presumably because at that time the law was settled that fourth amendment violations were not cognizable in § 2255 proceedings. In late 1970 appellant, again alleging the fourth amendment violations, filed the § 2255 motion that is the subject of this appeal. On March 10, 1971, the motion was denied without a hearing. The district judge who considered the motion stated in a written order that "the motion and the files and records in the case conclusively show that the petitioner is entitled to no relief." This appeal followed, with appellant urging in this court that the door to fourth amendment review in a § 2255 proceeding, even of a 1956 conviction, has been opened by the Supreme Court's opinion in Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969).

We affirm the order denying the motion.

At its foundation appellant's motion for § 2255 relief consists of his assertion that he was illegally arrested, and that the search incident thereto and two subsequent searches were violative of the fourth amendment. As such, he avers that the evidence seized during the searches was subject to the exclusionary rule, not admissible at trial, and that its use at his trial now entitles him to collateral relief.

Prior to 1969 and the advent of Kaufman v. United States, *supra*, there was little doubt in this circuit that except in a few "special circumstances" a claim by a federal prisoner that evidence admitted at his trial was the fruit of an unconstitutional search was not properly the ground of a collateral attack upon his conviction. *See* Thornton v. United States, 125 U.S.App.D.C. 114, 368 F.2d 822, 824 (1966). Subsequent to *Kaufman* there is no doubt but that the contrary is true. The "rub" of this appeal, however, is that here appellant asks us to "retroactively" apply *Kaufman, i. e.,* apply the doctrine of collateral reviewability to convictions occurring prior to *Kaufman.*

Appellant and appellee, both in their briefs and at oral argument, have urged us to consider forthrightly the *Kaufman* "retroactivity" problem. While not wishing to be accused of judicious side-stepping, we must decline the invitation —clearly this is not the proper case for such a determination. Even if we interpreted *Kaufman* to allow review in this case, and even if we passed the substantial hurdle of finding the seizures violative of the law as it existed at the time of the arrest, affirmance of the district court order would be required. Any error which could have resulted from the admission of the "tainted evidence" was plainly harmless beyond a reasonable doubt, and as such not of reversible magnitude. *See* Milton v. Wainwright, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972).

Appellant, along with Jannie Duncan and Calvin Simms, was indicted for the murder of Jannie's husband, Orell Duncan. Mr. Duncan had supposedly informed the Internal Revenue Service of certain illegal activities of his wife, and outraged at this Mrs. Duncan and two close friends, namely appellant and Simms, engaged in a brutal beating of Mr. Duncan in the early hours of March 11, 1956.

The government's evidence at the trial of the three was overwhelming. It is necessary here to state only the most damaging particulars. At one point or another four different witnesses testified that they saw appellant brutally beating the deceased at the tourist home owned by Mrs. Duncan. Although all three codefendants took part in the beating, the witnesses testified that appellant was the most aggressive of the group. Two witnesses testified that following the beating they helped the decedent, who at that time was still alive, into Mrs. Duncan's blue Cadillac automobile. One further testified that appellant and the two co-defendants purported to be taking the decedent to a hospital for much needed medical assistance, but that they left without allowing anyone to accompany them. Another witness testified that several hours later he procured two shovels at the behest of the co-defendants, and accompanied them in his own car to a place in the country not far from Richmond, Virginia. The same witness testified to seeing the co-defendants pull a clothed body from the Cadillac and drag it into the nearby woods, returning shortly thereafter with only a pile of clothing. Finally, yet another witness testified to driving by, seeing the codefendants with a shovel standing on the roadside, and later returning and finding the naked body of the decedent buried in a shallow grave.

Neither appellant nor his co-defendants denied that a fight had taken place at the tourist home, or that they had buried the body after stripping it of its clothing. In fact, they admitted on the witness stand that they had fought with the decedent at the home and again in the car while in Virginia (although they maintained their actions were motivated by self-defense). The basis of appellant's defense was that the decedent had not died from the injuries inflicted in the beating, but rather from jumping from the moving automobile, while engaged in a fight which the decedent precipitated, and that appellant and his co-defendants then panicked and buried the body.

The evidence seized by the police and unchallenged at the 1956 trial, but which appellant here challenges, consists of Mrs. Duncan's automobile (pictures of the car, which was seized in the driveway of the house where appellant was apprehended and arrested, were introduced at trial and used in questioning witnesses), a Seven-Up bottle with appellant's fingerprint on it which was found in the car, a blue floor mat from the back of the Cadillac which was found in the yard next to the house, and pieces of foam rubber and wire which had been taken or cut from the interior of the Cadillac and found in the basement of the house. From the testimony of the witnesses there was clearly no question but that Mrs. Duncan owned the automobile and that it was used to transport

the decedent—indeed, the co-defendants readily admitted such. The items taken or torn from the automobile, while tending to show panic and a desire to "cover up," in no way detract from the appellant's version of the events, and add little to the prosecution's case. The Seven-Up bottle is also of questionable probative force. Appellant admitted to often using Mrs. Duncan's car, and while witnesses did testify that a "Coke bottle" was used and broken in the fracas, no one spoke of a bottle carried to or hidden in the car. Thus, the evidence questioned here is weakly cumulative at best, and does not in any way relate to the crux of appellant's defense—that the decedent jumped from the automobile and was killed. The ultimate question for the jury was one of credibility, namely whether they would believe appellant's or prosecution's version of the events. The admission of the now challenged evidence had no bearing on that critical determination.

The Supreme Court has recently restated the harmless error rule in Milton v. Wainwright, *supra*. In *Milton* the petitioner alleged that one of his four confessions entered against him as evidence at his 1958 trial was illegally obtained by a police officer posing as his cellmate. The language of the Court in the last paragraph of the majority opinion is most appropriate:

> In initiating the present habeas corpus proceeding in the District Court, petitioner sought to have his conviction set aside on the ground that the statements he made to police officer Langford should not have been admitted against him. Our review of the record, however, leaves us with no reasonable doubt that the jury at petitioner's 1958 trial would have reached the same verdict without hearing Langford's testimony. The writ of habeas corpus has limited scope; the federal courts do not sit to re-try

state cases *de novo* but, rather, to review for violation of federal constitutional standards. In that process we do not close our eyes to the reality of overwhelming evidence of guilt fairly established in the state court 14 years ago by use of evidence not challenged here; the use of the additional evidence challenged in this proceeding and arguably open to challenge was, beyond reasonable doubt, harmless.

407 U.S. at 377–378, 92 S.Ct. at 2178. Likewise, our review of the record leaves us with no reasonable doubt that the jury at appellant's 1956 trial would have reached the same verdict without the evidence challenged herein.

The order of the district judge dismissing the § 2255 motion without a hearing is

Affirmed.[1]

---

1. Appellant's motion for remand to hold a hearing pursuant to 28 U.S.C. § 2255 (1970), the resolution of which we de-

layed until a hearing on the merits, is denied.